**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY MASKE,

          Petitioner - Appellant,

v.

ROBERT MURPHY; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

          Respondents - Appellees.

No. 09-1440
(D. Colorado)
(D.C. No. 1:09-CV-02190-ZLW)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

---

## I.    BACKGROUND

Mr. Maske filed an application under 28 U.S.C. § 2254 in the United States

District Court for the District of Colorado on September 14, 2009. The

application was assigned civil docket number 1:09-cv-02190-ZLW. The only

claim raised in the application is that Mr. Maske's sentence in Case

No. 08CR01457 in the Arapahoe County district court "was based on an

unreasonable determination of the facts in light of evidence presented in the state

court proceedings." R. at 5. The district court dismissed the application without

prejudice on the ground that it was duplicative of his claim in *Maske v. Murphy, et al.*, No. 09-cv-02165-BNB (D. Colo. filed Sept. 10, 2009).

Mr. Maske then submitted to the district court several letters asserting that the court does not respect the rights of disabled individuals and pro se litigants, requesting the return of the filing fees that he paid in seven previous cases, challenging the dismissal of his case as frivolous or malicious, requesting that the district judge recuse herself, seeking a change of venue to another state, and demanding an immediate appeal. The court denied all requested relief.

Mr. Maske now requests a certificate of appealability (COA) from this court so that he can pursue an appeal. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal denial of habeas application). Although his application for a COA is not entirely clear, we understand him to be raising the following issues: (1) whether evidence was fabricated; (2) whether he was subjected to a false arrest and unreasonable searches and seizures; and (3) whether he was deprived of due process. In his supporting brief he also appears to raise claims that (4) he was stereotyped as mentally ill and dangerous, in violation of his due-process rights; (5) he was subjected to excessive force used on individuals with disabilities, in violation of the Eight Amendment; (6) he was denied equal protection because of his disability; (7) he was tried by a kangaroo court; and (8) he was injured by the failure to keep individuals with disabilities from harm.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Mr. Maske's pleadings in this court do not deny that his original application under § 2254 was duplicative of a previous application. The issues that he raises in this court may not repeat those raised in his previous § 2254 application, but they were not raised in his original application in district court, so we decline to review them. *See Grubbs v. Hannigan*, 982 F.2d 1483, 1484 n.1

-3-

(10th Cir. 1993).  Accordingly, no reasonable jurist could debate whether Mr. Maske's application under § 2254 should have been resolved in a different manner or that the issues he presented were adequate to deserve encouragement to proceed further.  *See Slack*, 529 U.S. at 484.

## III.   CONCLUSION

We DENY the application for a COA.  Because his application for a COA was frivolous, we DENY his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge